UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF SALVATORE GALLINA, et al.,

        Plaintiffs,

v.

GOOD SAMARITAN HOSPITAL,
TRI HEALTH INC., et al.,

        Defendants.

Case No. 1:23-cv-488

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On August 1, 2023,[1] Plaintiff Andrea Gallina "filed" a pro se complaint, purportedly on behalf of herself and the estate of her father, "Estate of Salvatore Gallina," alleging five causes of action against five physicians, one nurse, and three medical facilities. (Doc. 1). Pursuant to local practice, pro se cases are referred to a magistrate judge for initial review. The undersigned now recommends dismissal of Plaintiff's case for lack of federal subject matter jurisdiction.

**I.    Background**

On March 13, 2024, the undersigned ordered Plaintiff to "Show Cause" why her complaint should not be dismissed sua sponte for two reasons: (1) based upon the procedural failure of Plaintiff to either pay the requisite filing fee or to file a motion to proceed in forma pauperis pursuant to 28 US.C. § 1915(a)(1);[2] and (2) based on the

---

[1] The undersigned magistrate judge regrets the administrative error that led to a delay in the Court's initial review of this case.

[2] It appears that the same Plaintiff, Andrea Gallina, previously filed a pro se complaint without filing the requisite fee or a motion seeking leave to proceed *in forma pauperis*. In that employment discrimination case, Ms. Gallina eventually filed an application and was granted leave to proceed without payment of a filing fee. *See Gallina v. NSG Inc.*, No. 1:06-cv-515-SJD-TSH.

1

apparent lack of subject matter jurisdiction. The March 13 Order clearly stated that Plaintiff's case would be dismissed for failure to prosecute until she paid the full filing fee or an application to proceed in forma pauperis prior to April 3, 2024.

Plaintiff failed to respond to the Court's "Show Cause" Order by the deadline stated in the Order. But on April 10, just as the undersigned was preparing to recommend the dismissal of Plaintiff's case for failure to prosecute, she filed a belated response to the "Show Cause" Order and paid the filing fee. The March 13 Order forewarned the Plaintiff that even if she cured the procedural deficiency by paying the filing fee, the Court still would examine the substantive issue of the facially apparent lack of subject matter jurisdiction. Having completed that review, the undersigned now recommends sua sponte dismissal for lack of jurisdiction.

II. Analysis

Plaintiff's complaint sets forth a series of allegations relating to the medical care provided to Plaintiff's late father by various nurses and entities, beginning with a surgery that appears to have taken place in July 2021, and ending with her father's death in October 2021.[3] Plaintiff seeks monetary damages in the amount of 10 million dollars, plus punitive damages and court costs, for herself and for her father's estate, based on allegedly inadequate medical care and for wrongful death.

The civil cover sheet attached to the complaint asserts that federal question jurisdiction exists under 28 U.S.C. § 1331. (Doc. 1-1). The complaint itself asserts that federal question jurisdiction is based on the Elder Justice Act provision included as part of the Affordable Care Act. (Doc. 1 at 2, PageID 12). The caption of the complaint includes

---

[3]The undersigned infers based on context that references to dates in 2022 and 2023 reflect typographical errors. For example, the complaint alleges: "10/19/**2021** Salvatore's medical records he had on a scopolamine patch and was given Fentanyl up until 1:00 am on 10/20/**2023** per his medical records he passed away on 10/20/**2023** at 3:03 am." (Doc. 1, ¶ 42, PageID 16 (emphasis added)). A public record of his obituary confirms the date of Mr. Gallina's death as October 20, 2021.

a reference to the same Elder Justice Act, as well as to the "Age Act of 1975," but otherwise refers solely to claims that arise, if at all, under state law.

"Merely referring to a federal statute ... does not establish federal jurisdiction." *Riser v. Pollitt*, 43 Fed. Appx. 912, 913 (6th Cir. 2002) (internal citation omitted). Plaintiff's invocation of the Elder Justice Act cannot confer federal subject matter jurisdiction over the claims presented, because "the Elder Justice Act does not confer a private right of action." *See, e.g., Zietek v. Pinnacle Nursing and Rehab Center*, No. 21-cv-5488, 2024 WL 243436, at *5 (S.D.N.Y., Jan. 23, 2024) (collecting cases).

In her April 10 Response to the Show Cause Order, Plaintiff reiterates that she is basing her claims on § 1557 of the Affordable Care Act, which prohibits discrimination in covered health programs or activities. (Doc. 3). But Plaintiff's reliance on § 1557 of the Affordable Care Act or to the "Age [Discrimination] Act of 1975," 42 U.S.C. § 6101 *et seq.*, is insufficient to convey jurisdiction. The complaint contains no specific allegations relating to the ADA outside of the caption, and the Response to the Show Cause Order offers no additional substantive allegations. *See generally, Hopkins v. Mercy Health Springfield Regional Medical Center*, No. 3:23-cv-157, 2023 WL 8481583, at *1 (S.D. Ohio, Nov. 21, 2023) (holding that facts alleged in complaint concerning wrongful death of plaintiff's mother do not support a claim for age discrimination as would be required to sue under the Age Discrimination Act of 1975).

Plaintiff's Response to the Show Cause Order suggests that she previously emailed complaints about her father's medical treatment to the Ohio Department of Health, and/or to the Joint Commission Officer of Quality and Patient Safety. But any complaints to those entities would not be sufficient to administratively exhaust Plaintiff's claims prior to filing suit – a fatal jurisdictional defect under the ACA. *See, e.g. Galuten on behalf of Estate of Galuten v. Williamson Medical Center*, No. 3:18-cv-519, 2019 WL

1546940, at *5 (M.D. Tenn., April 9, 2019) (dismissing plaintiff's suit under the ACA based on the allegedly inadequate medical care provided to the plaintiff's mother based on failure to assert exhaustion of administrative remedies under the Age Discrimination Act), *aff'd id.*, No. 21-5007, 2021 WL 3043275 (6th Cir. 2021); *see also* 42 U.S.C. § 6104(e)(2) and (f).

The last substantive issue identified in the March 13 Order was whether Plaintiff, as a pro se litigant, has standing to prosecute the claims of the Estate of her late father. Ordinarily a pro se litigant who is not an attorney may not prosecute the claims of another. *See* 28 U.S.C. § 1654. But a limited exception applies when a plaintiff has been appointed as the administrator of her father's Estate or is its sole beneficiary. *See, generally, Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) (daughter, acting *pro se*, could not bring claims alleging violations of constitutional rights on behalf of her father); *Cabrera v. State of North Dakota Workforce Safety and Ins. Fund*, No. 1:18-cv-242, 2020 WL 1068110 (D.N.D. March 5, 2020) (non-attorney wife, acting *pro se*, may not represent her husband's estate in ADA action); *Clayton v. Kroopnick*, No. 2:22-cv-12156, 2023 WL 5423623, *5 (E.D. Mich. June 23, 2023) (non-attorney parent or guardian may not represent the interests of his/her children under the ADA or § 504 of the Rehabilitation Act).

Attached to Plaintiff's Response to the Show Cause Order is a February 29, 2024 Entry by Probate Judge Ralph Winkler appointing Andrea Gallina and Diane Gallina as co-Administrators of the Estate. The undersigned will assume for purposes of this preliminary screening that a pro se co-Administrator has sufficient standing to prosecute the claims of the Estate. Nevertheless, Plaintiff has failed to establish that this Court has subject matter jurisdiction over the ACA claims or any other claim that she seeks to prosecute.

III.    **Conclusion and Recommendation**

Although Plaintiff did not *timely* comply with Show Cause Order, the Court accepts and has reviewed her belated April 10, 2024 Response to that Order. Plaintiff's Response, in combination with her payment of the requisite filing fee, is sufficient to avoid dismissal for failure to prosecute. But the Response does nothing to cure the greater substantive defect of a lack of federal subject matter jurisdiction. Based on that lack of jurisdiction, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ESTATE OF SALVATORE GALLINA, et al.,

        Plaintiffs,

    v.

GOOD SAMARITAN HOSPITAL,
TRI HEALTH INC., et al.,

        Defendants.

Case No. 1:23-cv-488

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).